PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONTY ROBINSON, ) | |
| ) | CASE NO. 4:23CV2248 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| ADULT & TEEN CHALLENGE, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 3] |

## I. Background

*Pro Se* Plaintiff Monty Robinson, a state prisoner, filed this action against Adult & Teen Challenge Ohio ("Adult & Teen Challenge"), its employees Joey Vorheez, Bob Pavlich, Alisha Tantili, and David Chadwell; and Mahoning County Commissioners D. Ditzler, A. Traficanti, and C. Rimedio-Righetti. *See* Complaint (ECF No. 1). He seeks $1.2 million in money damages, ECF No. 1 at PageID #: 5, § VI, for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

It appears Plaintiff was required to attend Adult & Teen Challenge's rehabilitation program as a condition of parole in a criminal case but was re-incarcerated after he was dismissed from the program.

(4:23CV2248)

Plaintiff contends in the Complaint that his rights under RLUIPA were violated because Adult & Teen Challenge is a faith-based program that exhibits a preference for Christianity. *See* ECF No. 1-3 at PageID #: 17. Specifically, he complains the program supplies only Christian bibles and dedicated worship space only for those of Christian faith, but it does not supply religious materials or provide dedicated worship space for clients of other religions, including those who are "[buddhist], Israelite[], muslim, hindu, and etc." ECF No. 1-3 at PageID #: 17.

In addition to his claim under RLUIPA, Plaintiff complains that other conditions at Adult & Teen Challenge violated his constitutional rights. Plaintiff states he "is of Islamic beliefs" and does not eat pork and that he complained about the food in the program after he witnessed "the constant flow of pork being served." ECF No. 1-3 at PageID #: 19. Although Plaintiff does not state what specific food or menu he was provided, he claims that Defendant Tantili did not acknowledge his written complaint "that she wasn't accommodating [him]" with respect to the food. ECF No. 1-3 at PageID #: 20. He also complains about the quality and freshness of the food that was provided. ECF No. 1-3 at PageID #: 21.

In addition, Plaintiff generally complains without relevant explanation or enhancement that: Defendant Vorheez "always had an excuse [ ]why [he] could not contact his parole officer," ECF No. 1-3 at PageID #: 20; his phone calls to his family were held on a speaker phone, ECF No. 1-3 at PageID #: 20; Adult & Teen Challenge read his outgoing mail, ECF No. 1-3 at PageID #: 20; and, he was discharged from the program "without warning or any notice like they would've notified a person of Christian beliefs," ECF No. 1-3 at PageID #: 22. He states he

2

(4:23CV2248)

"feels as though all his problems came once he started to exercise his religious beliefs." ECF No. 1-3 at PageID #: 22.

(4:23CV2248)

Plaintiff declares that Defendants Vorheez, Pavlich, Tantili, and Chadwell are named in the Complaint because "they were made aware of the plaintiff['s] problems [and] did nothing to fix them nor did they do an investigation of any kind." ECF No. 1-3 at PageID #: 21. And Plaintiff states he sues the Mahoning County Commissioners on the basis of their overall responsibility for "funding the operations of [and] overseeing the agency to ensure compliance with such statutes and regulations as well as [being] task[ed] with [oversight] of others or drafting relevant policies." ECF No. 1-3 at PageID #: 21.

## II. Standard of Review

Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) has been granted by separate order. Therefore, the Complaint (ECF No. 1) is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute expressly requires federal district courts to screen all *in forma pauperis* complaints filed in court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). *Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive dismissal. *See Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in

(4:23CV2248)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a " 'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Finally, a complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

### III. Discussion

Upon review, the Court finds that the Complaint (ECF No. 1) must be dismissed.

#### A. RLUIPA

First, Plaintiff fails to allege a plausible claim under RLUIPA, which prohibits a government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution" "unless the government demonstrates that imposition of the burden on that person" "is in furtherance of a compelling governmental interest" and "is the least

(4:23CV2248)

restrictive means" of doing so. *Hayes v. Tennessee*, 424 Fed.Appx. 546, 554 (6th Cir. 2011) (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)). RLUIPA applies when a substantial burden is imposed on an inmate in a program or activity that receives federal financial assistance, as Plaintiff alleges with respect to Adult & Teen Challenge, but the statute provides for an award of "appropriate relief against a government," not individuals. 42 U.S.C. 2000cc-2(a). Furthermore, in the Sixth Circuit, a plaintiff can only obtain prospective relief under RLUIPA. *See Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014). RLUIPA also does not permit money damages claims. *Id.*; *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.").

Accordingly, here, because Plaintiff seeks only monetary relief under RLUIPA, *see* ECF No. 1 at PageID #: 5, § VI, the Complaint (ECF No. 1) fails to state a plausible claim.[1] *See Haight*, 763 F.3d at 570.

In addition, in order to state a claim under RLUIPA, an inmate "must first produce prima facie evidence demonstrating that his religious exercise was substantially burdened." *Hayes*, 424 Fed.Appx. at 554. Plaintiff does not allege facts supporting a plausible inference that he was substantially burdened in his ability to practice his Muslim religion due to the alleged general preference of Adult & Teen Challenge for Christianity. He does not, for example, allege that he,

---

[1] To the extent Plaintiff may be seeking injunctive relief in addition to damages, such claims are now moot because he is no longer housed at the Adult & Teen Challenge facility. *See Colvin*, 605 F.3d at 289 (prisoner's request for injunctive relief under RLUIPA moot because he had been transferred to a different facility).

6

(4:23CV2248)

himself, was denied a Qur'an or sufficient space to pray. Plaintiff's RLUIPA claim therefore also fails on the basis of his failure to demonstrate the prima facie element of substantial burden.

### B. Section 1983

The Complaint (ECF No. 1) also fails to allege a plausible claim upon which Plaintiff may be granted relief under § 1983.

#### 1. Individual Capacity

Plaintiff fails to state a claim against any of the defendants to the extent he sues them in their individual capacities. There is no vicarious liability in actions under § 1983. In order to state a claim under § 1983 for the violation of a civil right, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Liability must be based on each defendant's own, "active unconstitutional behavior." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Therefore, Plaintiff must allege facts suggesting that each Defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the [challenged action]." *Id.*

Plaintiff's assertions that Defendants Vorheez, Pavlich, Tantili, and Chadwell "were made aware of [his] problems [and] did nothing to fix" or investigate them, ECF No. 1-3 at PageID #: 21, and that the Mahoning County Commissioners have overall responsibility for the Adult & Teen Challenge program, are an insufficient basis to impose individual liability under § 1983. His assertions do not demonstrate active, personal involvement of each of the individual Defendants in the conduct that forms the basis of his claims. See *Cardinal*, 564 F.3d at 803

7

(4:23CV2248)

(affirming judgment in favor of prison warden on § 1983 claim when there was no allegation that the warden was "actively involved in the denial of kosher food").

The only individual Defendants as to whom the Complaint (ECF No. 1) sets forth discernible allegations of personal involvement are Vorheez and Tantili. But the allegations with respect to these Defendants fail to support plausible claims.

Plaintiff contends Defendant Tantili failed to adequately accommodate his desire not to eat pork. Prison administrators are required to provide inmates an adequate diet without violating the inmate's religious dietary restrictions, but this means that the prisoner has "a constitutional right not to eat the offending food item." *Alexander v. Carrick*, 31 Fed.Appx. 176, 179 (6th Cir. 2002). It does not mean that an inmate is "constitutionally entitled to a pork-free diet." *Barnes v. Mann*, No. 93-5684, 1993 WL 483236 at *1 (6th Cir. Nov. 22, 1993). Under the Constitution, a "[d]efendant is only required to prepare a diet sufficient to keep prisoners in good health, or in the case of Muslims, a diet which provides them with adequate nourishment without the consumption of pork." *Id.* (internal citations omitted). "If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Alexander*, 31 Fed.Appx. at 179.

Plaintiff has not alleged what food or menu he was provided, or facts demonstrating that he did not receive a diet sufficient to keep him in good health. Without facts permitting a plausible inference that the food he was provided failed to meet his nutritional needs, the Complaint (ECF No. 1) fails to allege a plausible constitutional claim. *See Barnes*, 1993 WL 483236 (affirming *sua sponte* dismissal of *pro se* complaint alleging a violation of prisoner's

8

(4:23CV2248)

First Amendment right to worship the Muslim religion on the basis the defendant failed to adequately provide food substitutes for pork).

Plaintiff does not clearly state what specific constitutional right or rights he contends Defendant Vorheez violated, or the extent of Vorheez's role in the conduct of which he complains. His only specific allegations are simply that Vorheez told him he needed to write a letter to Defendant Tantili to address his complaints about the food in the program, and that Vorheez "always had an excuse [ ]why [he] could not contact his parole officer." ECF No. 1-3 at PageID #: 20. These unclear and vague allegations are an insufficient basis for the Court to conclude that Vorheez engaged in plausible unconstitutional conduct. *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original).[2]

---

[2] Plaintiff's remaining complaints about the conditions in the program (that his phone calls were held on a speaker phone, that his outgoing mail was read, and that he was discharged from the program on the basis of his religious beliefs and without the notice that would have been given to a person of Christian beliefs) fail to state a plausible claim against any Defendant because they are unconnected to any specific Defendant or legal claim and/or are entirely speculative and conclusory. *Twombly*, 550 U.S. at 546, 557 (a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" is insufficient to state a claim); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (conclusory allegations of retaliatory motive unsupported by material fact are insufficient to state a claim).

9

(4:23CV2248)

### 2. Official Capacity

Finally, the Complaint (ECF No. 1) fails to state a plausible claim to the extent he sues Defendants in their official capacities. Official capacity claims are equivalent to a suit against the political entity the defendant serves, in this case Mahoning County. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir 2005) (a suit seeking financial compensation from a county commissioner is equivalent to a suit against the county itself).

But a county is not liable under § 1983 absent a showing by the plaintiff that the county's own "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [alleged] injury." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Plaintiff does not identify any ordinance of Mahoning County that led to the conditions at Adult & Teen Challenge of which he complains, nor does he allege facts plausibly suggesting that the conditions were the result of an official policy or custom of Mahoning County itself, rather than as the result of actions or decisions taken by individuals working within the program.

### IV. Conclusion

For all of the foregoing reasons, the Complaint (ECF No. 1) fails to state a claim upon which Plaintiff may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 3), which seeks to add letters to the mother of Plaintiff's children (ECF No. 3-1 at PageID #: 43-45; 47) and a letter to Defendant Tantili (ECF No. 3-1 at PageID #: 46), is denied as moot. The Court certifies,

(4:23CV2248)

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

  May 31, 2024                                /s/ *Benita Y. Pearson*  
Date                                        Benita Y. Pearson  
                                              United States District Judge